Rescript Opinions.

WILLIAM J. LEVENTHAL vs. WILLIAM B. DOCKSER & others[1] (and two companion cases).[2] May 10, 1972. The plaintiff appeals from orders sustaining "with leave to amend denied" demurrers to the declarations in three actions, two in "tort" and one in "contract," and from the additional sustaining of an answer in abatement filed in the contract action. The two tort actions represent the plaintiff's attempt to remedy defects in his pleadings in an earlier case in which this court upheld the sustaining of demurrers. See Leventhal v. Dockser, 358 Mass. 799. Each count of his declarations in the new tort actions consumes approximately six pages of the printed record, as contrasted with approximately one page in the earlier case, and each count now contains a plethora of extraneous, discursive and immaterial allegations. Notwithstanding the prolixity of the declarations in these two new tort actions the plaintiff has not remedied the fatal defects of his earlier declarations. The allegations in all counts of both actions remain "but generalizations and conclusions which do not sufficiently inform the defendants of the facts so that they might know what they would be called upon to meet." Leventhal v. Dockser, supra. G. L. c. 231, § 7, Second. The counts designated by the plaintiff as being for "malicious abuse of criminal process" do not allege facts sufficient to constitute that cause of acton. Leventhal v. Dockser, supra. The counts described as being for "extortion" and for "coercion and duress" do not state facts supporting any recognized civil cause of action in this Commonwealth. In his "contract" action the plaintiff attempts to combine a claim for damages with a request for a declaration from the court that certain documents and transfers of securities, allegedly executed by the plaintiff and his mother in favor of the defendants, are "void or voidable." All four counts in this action are based upon an alleged agreement that if the plaintiff executed and transferred such instruments he would receive a "guaranteed suspended sentence" in a pending criminal prosecution. The plaintiff's reliance on this patently illegal agreement appears on the face of his declaration, and a demurrer to all counts based upon it was properly sustained. See Atwood v. Fisk, 101 Mass. 363, 364. The refusal to grant leave to amend was within the discretion of the trial judge and, no abuse of discretion having been shown, the orders sustaining the demurrers in all three cases are affirmed. Leventhal v. Dockser, supra, and cases cited. Having upheld the sustaining of the demurrers in the contract action, we do not consider whether the answer in abatement was also properly sustained.

So ordered.

William J. Leventhal, pro se.
Will J. Bangs for American Discount Corporation & others.
George G. Pierce for Benjamin Gargill.
Harold Lavien for New England Merchants National Bank.
Jacob J. Locke for William B. Dockser & others.