Thomas J. Castellucci *vs*. United States Fidelity and Guaranty Company.

Middlesex.    March 9, 1977. — April 4, 1977.

Present: Hennessey, C.J., Braucher, Wilkins, Liacos, & Abrams, JJ.

*Rules of Civil Procedure.    Pleading, Civil,* Amendment.

Discussion of the standards to be applied in passing on a motion to amend a pleading under Rule 15 (a) of the Massachusetts Rules of Civil Procedure. [288-290]

Where an action had been tried before an auditor a year prior to the plaintiff's motion to amend his complaint, made shortly before the jury trial was to commence, and the amended complaint raised an entirely new theory of liability, the judge did not abuse his discretion in denying the motion to amend. [290-293]

CONTRACT.    Third party writ in the Superior Court dated September 3, 1970.

The action was tried before *Ronan,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Peter D. Hoban* for the plaintiff.
*Louis Barsky* for the defendant.

WILKINS, J.    For the first time since the adoption of the Massachusetts Rules of Civil Procedure, we discuss

the standards to be applied by a judge in passing on a motion to amend a pleading. Although Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974), eliminated the once broad discretionary authority of a judge to deny a motion to amend a pleading, in this case the judge was not in error in denying the plaintiff's motion seeking leave to file a substitute complaint.

Rule 15 (a), the first two sentences of which are set forth in the margin,[1] indicates that motions to amend pleadings should be looked on with favor. In certain circumstances, a party may amend his pleading as a matter of course. But after a responsive pleading has been filed, unless the adverse party consents, a pleading may be amended only by leave of court. Rule 15 (a) provides that "leave [to amend] shall be freely given when justice so requires." The expressed tendency is in favor of allowing amendments, and a motion to amend should be allowed unless some good reason appears for denying it.

The Supreme Court of the United States, construing identical language in Rule 15 (a) of the Federal Rules of Civil Procedure, has discussed the considerations which a judge should have in mind when a motion to amend a pleading is presented for allowance. *Foman* v. *Davis*, 371 U.S. 178 (1962). An "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182.

The Supreme Court observed further in the *Foman* case that the rules require that leave to amend should be given freely "[i]n the absence of any apparent or declared reason." *Ibid.* The court gave some examples of reasons which

---

[1] "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served and prior to entry of an order of dismissal or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

might justify the denial of a motion to amend, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc...." *Ibid.* With these principles in mind, we turn to the facts of the case before us to assess whether adequate reason for the denial of the plaintiff's motion to amend his complaint is apparent in the record.

On April 1, 1970, the plaintiff in this proceeding was excavating a trench on residential premises in Burlington. In the course of his work, the plaintiff caused a gas leak, which was followed by an explosion and a fire resulting in extensive property damage. The homeowners sued the plaintiff, who in turn on September 28, 1970, commenced a third-party action against the local gas company and his liability insurer (the defendant). The plaintiff claimed that the defendant had an obligation to defend the property damage action and to satisfy any judgment up to the limit of the policy issued to him by the defendant. The defendant seasonably filed an answer.

The original action and the third-party action were referred to an auditor, and, in January, 1974, the auditor filed a report which ruled that the plaintiff was liable to the owners of the damaged property and that neither the gas company nor the defendant was liable to the plaintiff. The auditor's report refers to policy language which excluded coverage for damage caused by the use of mechanical equipment for excavating. Nowhere in the auditor's report is there any suggestion that the plaintiff was making a claim against the defendant other than under the terms of the insurance policy.

In March, 1975, more than a year after the filing of the auditor's report, the original action and the third-party action were reached for jury trial in the Superior Court. Counsel for all four parties were present. There was an unrecorded conversation in the judge's lobby in which counsel for the plaintiff advised the judge that he wished to substitute a new complaint against the defendant and

that the proposed amendment was then being typed and would be available shortly. The defendant apparently had not been advised previously of the plaintiff's intention to seek leave to amend the third-party complaint against it and opposed the allowance of any motion to amend unless a continuance was to be granted. The judge stated that he would rule on the motion when it arrived.

A motion to file a substitute complaint was filed shortly thereafter, accompanied by the proposed substitute complaint. A theory of liability of the defendant, markedly different from that expressed in the original declaration, was set forth in the proposed substitute complaint. Liability under the policy terms was disavowed expressly. The new theory rested on "an oral policy of insurance or binder" which was intended to provide coverage which would protect the plaintiff from the consequences of his excavation work. The plaintiff alleged in effect that the defendant's agent made promises concerning the scope of the coverage which was in force under the binder (and would be in force under the policy, which was not issued until after the loss was incurred), and that the policy as issued failed to meet those promises.

After the jury were impanelled, the judge noted the plaintiff's motion to file a substitute complaint and denied the motion over the plaintiff's objection. He gave no reason for his action. The case was then tried. The judge directed a verdict for the defendant. The property owners recovered a verdict against the plaintiff.

The judge did not abuse his discretion in denying the plaintiff's motion for leave to substitute a new complaint. Justification for the judge's action appears in the record before us.[2] The new theory of the case against the defendant was considerably different from the original theory, and thus the evidence which would be offered on the new theory was also different. Clearly the judge was justified

---

[2] In other circumstances, a statement of reasons, or perhaps findings of fact, may be required to demonstrate adequate justification for a judge's action in denying a motion to amend a pleading.

in not forcing the defendant to trial, without warning, on the theory belatedly advanced by the plaintiff. A liberal amendment policy does not justify overriding the rights of a person who would be prejudiced by the last minute allowance of a motion to amend.

The question thus becomes whether the judge was obliged to allow the motion to amend and then grant a continuance. We think he was not. The case had been tried before an auditor over a year before. The plaintiff raised a new theory of liability long after the auditor's proceedings had concluded. Any evidence in support of the new theory of liability must have been available to the plaintiff even before the auditor's hearing commenced. While such a long delay might not alone justify the denial of a motion to amend, there is more to support the judge's ruling. The case was ready for trial with counsel for four parties present, including counsel for those whose property was damaged almost five years earlier. One of the parties, without any valid explanation for the lateness of his conduct, then sought to amend his complaint in a significant way, which would justify a continuance if the motion were allowed. We see no abuse of discretion when a judge denies such a motion to amend.

When trial is as imminent as it was in this case, a judge may give weight to the public interest in the efficient operation of the trial list and to the interests of other parties who are ready for trial. In the circumstances of this case, the plaintiff was guilty of undue delay warranting the judge's denial of the motion to substitute a new complaint.

The plaintiff has cited no authority holding that, in reasonably comparable circumstances, a trial judge abused his discretion in denying a motion to amend. We agree with the views expressed in *Albee Homes, Inc.* v. *Lutman,* 406 F.2d 11, 14 (3d Cir. 1969), in a somewhat similar circumstance: "[W]e cannot say that the District Court abused its discretion in denying leave to amend here. The record discloses that the plaintiffs waited over three years to raise this issue and then did so only when the trial was minutes away, even though they make no claim that the defense

was not known to them from the start. It would be unwarranted for us to substitute our judgment for that of the trial judge and declare that he abused his discretion in finding undue delay." See *Troxel Mfg. Co.* v. *Schwinn Bicycle Co.*, 489 F.2d 968, 970-971 (6th Cir. 1973), cert. denied, 416 U.S. 939 (1974); *Nevels* v. *Ford Motor Co.*, 439 F.2d 251, 257 (5th Cir. 1971).

*Judgment affirmed.*