SALAM HAMED vs. ADEL A. FADILI & others.[1]

No. 87-1197.

Middlesex. October 6, 1988. — April 27, 1989.

Present: GREANEY, C.J., SMITH, & FINE, JJ.

Further appellate review granted, 405 Mass. 1203 (1989).

*Practice, Civil*, Amendment, Complaint, Judicial discretion, Findings by
judge, Directed verdict. *Rules of Civil Procedure. Contract*, Performance
and breach. *Notice*, Timeliness.

At the trial of a civil action, the plaintiff should not have been granted
leave to amend his complaint under either subsection (a) or (b) of
Mass.R.Civ.P. 15 where the amendment introduced an entirely new
theory of liability into the case; where, as the motion was allowed at
the close of all the evidence, the defendants had no opportunity for
discovery concerning the new claim or otherwise to prepare for trial, or
to present a defense; where the record showed there was neither express
nor implied consent by the parties to the trial of the issue raised by the
new claim; moreover, the evidence at trial was insufficient to support
a verdict on the amended claim. [239-242]

At the trial of an action by which the plaintiff sought to recover money he
had paid for a one-half interest in a real estate development corporation,
the evidence warranted the judge's determination that neither the corpor-
ation nor its president had contributed any funds toward the purchase
price of certain land which the plaintiff had acquired. [242]

At the trial of an action arising out of an agreement under which the plaintiff
contributed money to the defendants for an interest in a real estate
development venture and had the right to obtain a refund of his money
if he gave written notice at the end of eleven months, the judge, ruling
that the plaintiff's notice was not effective until receipt, properly allowed
the defendants' motion for a directed verdict, where there was no dispute
at trial that the letter purportedly notifying the defendants of the plaintiff's
demand for a refund was mailed on the last day of the eleven-month
period, and was received two days later. [243]

---

[1] Fadili Construction Company, Inc., and Site Development Corp.

CIVIL ACTION commenced in the Superior Court Department on July 29, 1982.

The case was tried before *Walter E. Steele,* J.

*Peter B. Ellis (Richard d'A. Belin* with him) for the defendants.

*Robert A. Griffith (Dale C. Schneider* with him) for the plaintiff.

SMITH, J. The plaintiff, Salam Hamed, brought a two-count complaint in the Superior Court against the defendants, Adel Fadili, Site Development Corp. (Site) and Fadili Construction Company, Inc. (corporation). In the first count, the plaintiff sought the return of $180,000 which he had paid to Fadili for a one-half interest in Site. He claimed that the contract between the parties contained a provision giving him the right to obtain a full refund of his purchase price and any additional monies that he may have contributed to Site if he gave written notice at the end of eleven months. He alleged that he had given such notice but that Fadili had refused to return his money. In the second count the plaintiff claimed that the defendants had defrauded him in their operation of Site and he sought damages in the amount of $46,000, the sum he alleged that he had contributed to Site after his initial investment.

Fadili and the other defendants denied the allegations contained in the plaintiff's complaint and also brought four counterclaims against him. In the first counterclaim, Fadili alleged that under the contract the plaintiff had agreed to contribute to Site one-half of all development and mortgage expenses but had refused to make such contributions. Fadili claimed that, as a result, in order to protect his and the plaintiff's interest in Site, he had to make additional contributions totaling $50,000, an amount beyond that required by the agreement. In the second counterclaim, Fadili claimed that the plaintiff had borrowed from him "monies and credit" in the amount of $200,000 and that the plaintiff had refused to repay him that amount. The corporation, in a third counterclaim, alleged that the plaintiff had failed to pay for some construction work that the corporation had performed at the plaintiff's home. Finally, in a fourth counterclaim, Site alleged that the plaintiff had

purchased real estate in Lynnfield with money given to him by Site. It alleged that title to the property was placed in the plaintiff's name for Site's benefit. Site requested that the judge order the plaintiff to convey the property to Site. The plaintiff filed answers to all the counterclaims, denying the allegations.

At a pretrial conference, the trial judge dismissed, sua sponte, the second count of the complaint that had alleged fraud, on the ground that the pleadings failed to comply with Mass.R.Civ.P. 9(b), 365 Mass. 751 (1974).[2] The case then proceeded to trial before a jury on the breach of contract count, along with the counterclaims.[3]

We summarize the evidence presented on the contract claim. In 1981, the plaintiff approached Fadili and asked him for suggestions on ways to invest between $900,000 and $1,000,000 that he had been given by his father for investment purposes. Fadili owned and controlled Site. The plaintiff was told by Fadili that Site planned to develop an office building on land in North Reading. Fadili recommended that the plaintiff invest in the project. Because he was interested in the proposal, the plaintiff hired an attorney to negotiate a contract with Fadili. On July 15, 1981, the parties signed a contract.

In the contract, Fadili agreed to sell to the plaintiff a one-half interest in Site for $180,000 and, if the parties could not obtain sufficient financing for the project, both would contribute the necessary funds themselves on an equal basis. The contract also provided that the plaintiff had the option to resell his stock to Fadili for a price equal to the plaintiff's entire investment in Site. The contract stated that the plaintiff must exercise his option "at the expiration of eleven (11) months from the date

---

[2] Massachusetts Rule of Civil Procedure 9(b) states in part:

"(b) Fraud, Mistake, Duress, Undue Influence, Condition of the Mind. In all averments of fraud, mistake, duress or undue influence, the circumstances constituting fraud, mistake, duress or undue influence shall be stated with particularity."

[3] The parties agreed that Site's counterclaim against the plaintiff wherein it claimed an equitable interest in certain land in Lynnfield would be tried with the contract action and the other counterclaims but would be decided by the judge and not the jury.

of the execution of this Agreement and upon written notice to [Fadili] . . . ." Another provision in the contract stated that "[n]otwithstanding the provisions hereof, [the plaintiff] shall not be entitled to demand the repurchase of his stock after expiration of eleven (11) months from the execution of this Agreement."

On June 15, 1982, eleven months from the date that the contract was signed, the plaintiff, through his attorney, sent a letter to Fadili demanding repayment of all money which he had paid under the contract. The letter was received by Fadili on June 17, 1982. He refused the plaintiff's demand for repayment of the money on the ground that the request was untimely because it was received after the expiration of eleven months.

The parties filed several motions at the close of all the evidence. Fadili moved for a directed verdict on the contract claim on the ground that the plaintiff's notice for a refund was untimely as matter of law. The judge allowed the motion.

The plaintiff filed a motion "to amend count II of his complaint concerning the count pertaining to fraud and deceit to conform to the evidence introduced at trial and further particularize the allegations of fraud and deceit."[4] In his proposed amended count, the plaintiff alleged that he had entered into an agreement whereby Fadili would sell to him 50 shares of stock in Site for $180,000 and the plaintiff would "contribute 50% of all expenses of the project incurred after June 1, 1981." The plaintiff claimed that Fadili and Site "misrepresented to [the plaintiff] facts concerning the viability of the project and the financing for the project . . . the availability of financing, the value of the property and the expenses incurred in the project." He contended that he had relied upon the misrepresentations and suffered damages as a result. The plaintiff sought treble damages against the defendants pursuant to G. L. c. 231,

---

[4] At the same time, the corporation moved to amend its counterclaim to conform it to the evidence by adding words identifying the location of the work it alleged that it performed on the plaintiff's property. The judge allowed the motion. The judge's action on that motion is not an issue on this appeal.

§ 85J, inserted by St. 1971, c. 450.[5] The judge allowed the motion over the defendants' objection. As a result of the judge's decisions on the plaintiff's motion to amend the complaint and Fadili's motion for a directed verdict, the only matters submitted to the jury were the plaintiff's amended count seeking treble damages for fraud and deceit, and three of the four counterclaims. See note 3, *supra.*

The jury returned a treble damage verdict in favor of the plaintiff in the amount of $648,000 on the amended count. The judge ordered that prejudgment interest of $309,342.24 be added to the verdict. Therefore, judgment was entered for the plaintiff in the total amount of $957,342.24. On the first counterclaim, in which Fadili alleged that the plaintiff had failed to contribute to Site one-half of all development and mortgage expenses, the jury returned a verdict in favor of the plaintiff. On the second counterclaim, alleging that the plaintiff owed "monies and credit" to Fadili, the jury returned a verdict in favor of Fadili in the amount of $31,693.01. The jury also awarded the corporation the sum of $4,836.89 on its counterclaim for nonpayment of construction work. After the jury verdicts were recorded, the judge found for the plaintiff on Site's counterclaim that alleged it had an equitable interest in certain real estate in Lynnfield.

The parties have raised various issues on appeal. Fadili and the other defendants contend that the judge erred in (1) allowing the plaintiff's motion to amend, (2) instructing the jury on the amended complaint, (3) awarding prejudgment interest on the entire treble damage verdict, and (4) refusing to deduct the amounts that the jury found that the plaintiff owed on the counterclaims from the amount awarded to the plaintiff on the amended complaint. Site claims error by the judge in deciding the equitable counterclaim adversely to it. The plaintiff, in turn, has appealed the judge's action in allowing Fadili's motion for a directed verdict on his contract claim.

---

[5] General Laws c. 231, § 85J, states as follows:

"Whoever, by deceit or fraud, sells personal property shall be liable in tort to a purchaser in treble the amount of damages sustained by him."

1. *Allowance of plaintiff's motion to amend the complaint.* The defendants claim that the judge abused his discretion in allowing the plaintiff's motion to amend the complaint. The plaintiff argues that Mass.R.Civ.P. 15(a) and (b), 365 Mass. 761 (1974), permitted the judge to allow the motion. We note that the motion stated that it was filed pursuant to both (a) and (b) of rule 15. The judge, however, at the time that he allowed the motion, did not indicate the particular subsection upon which he based his decision. We hold that it was error for the judge to allow the motion under either subsection.

A motion for leave to amend filed under either (a) or (b) of rule 15 is addressed to the discretion of the judge. *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. 288, 289 (1977) (rule 15[a]). *Hall* v. *Horizon House Microwave*, 24 Mass. App. Ct. 84, 88 (1987) (rule 15[b]). Prejudice to the opposing party is a factor to be considered in regard to a motion to amend filed under both subsections. "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." *Goulet* v. *Whitin Mach. Works, Inc.*, 399 Mass. 547, 550 n.3 (1987), quoting from *Cornell & Co.* v. *Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). See Smith & Zobel, Rules Practice § 15.7, at 444 (1974 & 1988 Supp.). Also see *William Inglis & Sons Baking Co.* v. *ITT Continental Baking Co.*, 668 F.2d 1014, 1053 (9th Cir. 1981) (party may be permitted to alter legal theory through late pleading amendments only if other party is not prejudiced in its defense upon the merits). Here, Fadili was prejudiced by the allowance of the motion.[6]

---

[6]The plaintiff claims that the defendants did not object with sufficient particularity to his motion to amend and, therefore, waived any argument based on prejudice.

The judge, at the close of all the evidence, had the plaintiff's and the corporation's motions to amend before him (see note 4, *supra*). The record shows that the judge, before listening to any arguments on the motions, addressed both counsel and stated, "I will give you a Solomonic response. I will allow both motions to amend, *over the objection, however, of both of you.*" (emphasis added).

Because the defendants were not given an opportunity to present possible grounds for opposing the motion before the judge ruled on it, we hold that they may raise a claim of prejudice on this appeal.

After the judge had dismissed the fraud count prior to trial, the case expressly proceeded only on the contract count and the counterclaims, none of which was based on fraud.[7] The contract claim presented a narrow issue — whether the plaintiff's request for a refund was timely under the contract, thereby entitling him to a refund of $180,000. That issue was resolved by the judge in granting a directed verdict in favor of Fadili. By allowing the plaintiff's motion to amend, however, the judge allowed the plaintiff to introduce an entirely new theory of liability into the case — a statutory fraud claim seeking damages of $226,000 trebled. Moreover, that fraud action was entirely different from the count dismissed by the judge before trial. That claim dismissed before trial was a common law single damage action for $46,000 based on fraud in the *performance* of the contract. The amended count was based on fraud in the *inducement* of the contract.

In addition, the timing of a motion to amend the complaint is a factor which may be taken into consideration in determining whether an opposing party has been prejudiced. *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. at 291-292. In this case, the motion was allowed at the close of all the evidence. The defendants, therefore, lost any opportunity for discovery concerning the new claim or otherwise to prepare for trial. Further, because the presentation of the evidence had

---

[7] During his opening statement, plaintiff's counsel told the jury, "This case is a case in contract." Later, after counsel for the parties had concluded their opening statements, the judge told the jury that, "this case is going to be dealt with by this jury as to the contract counts only and not as to any other allegations."

On the third day of trial, a bench conference was held in regard to the plaintiff's attempt to introduce in evidence a conversation relative to Site's counterclaim against the plaintiff.

The record shows the following:

*The judge*: "Maybe it shows the course of conduct and so forth, but even if it does, we're getting into a very peripheral issue — and, remember, we decided for good reasons when we had our first conference that the allegation as to fraud and deceit would not go to the jury. Do you remember that?"

*Plaintiff's counsel*: "I understand."

been closed, the defendants were unable to present any defense whatsoever to the claim. "A liberal amendment policy does not justify overriding the rights of a person who would be prejudiced by the last minute allowance of a motion to amend." *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. at 292.

The plaintiff claims, however, that the defendants were not prejudiced because they expressly or impliedly consented to the trial of the issue contained in the amended count. Therefore, he argues that rule 15(b) provides an independent basis for the allowance of the motion.

Rule 15(b) provides, among other things, that a judge may allow pleadings to be amended to conform to the evidence when an issue, not raised by pleadings, is tried with the express or implied consent of the parties and there is no prejudicial surprise. See *National Medical Care, Inc.* v. *Zigelbaum*, 18 Mass. App. Ct. 570, 579 (1984). The record shows that there was no express consent by the parties to the trial of the fraud in the inducement issue. On the contrary, the record demonstrates from the comments of the plaintiff's counsel and the judge (see note 7, *supra*) that the parties believed that the matters on trial involved only a breach of contract claim and some counterclaims, none of which involved fraud.

Further, there is nothing in the record from which it can be inferred that the parties impliedly consented to trial of the fraud in the inducement claim. There was evidence from the plaintiff of the background events that led to the contract between the parties. However, that evidence was introduced over the defendants' objection and was subject to the express limitation by the judge that it was admitted only for the purpose of showing "preliminary discussions" leading to the contract, and that such discussions were "not binding" on the parties. The admission of such evidence does not amount to an implied consent by the defendants to a trial on the amended count issue. Rule 15(b) "does not permit amendments to include issues which may be 'inferentially suggested by incidental evidence in the record.' " *Consolidated Data Terminals* v. *Applied Digital Data Syss., Inc.*, 708 F.2d 385, 396 (9th Cir. 1983),

quoting from *Cole* v. *Layrite Prod. Co.*, 439 F.2d 958, 961 (9th Cir. 1971).

In sum, the judge committed error in allowing the plaintiff's motion to amend the complaint. We add that, in addition to the reasons stated above, the motion should have been denied on the ground of futility. The evidence at trial was insufficient to support a verdict on the amended claim, and therefore it was futile to allow the amendment. *Vargas* v. *McNamera*, 608 F.2d 15, 18 (1st Cir. 1979).

Because of our decision, we do not consider the defendants' other claims of error that pertain to the allowance of the amendment.

2. *The ruling against Site on its counterclaim.* Site claimed in its counterclaim that its president, Fadili, had contributed $25,000 toward the purchase of property in Lynnfield. The deed to the property was in the plaintiff's name only and Site claimed that it had an equitable interest in the property. The judge ruled against Site, specifically finding that Fadili (or Site) had not contributed any funds toward the purchase price of the land. Site claims that the judge's findings were clearly erroneous.

There was evidence at the trial that a $25,000 check was drawn from an account of Fadili's father, on which Fadili was a co-signer. However, there was other testimony that the check was drawn not for the purpose of purchasing the Lynnfield property for Site, but rather to repay the plaintiff for money he had previously lent to Fadili.

"On appeal, [the reviewing court] may not set aside findings of fact 'unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.'" *First Pa. Mortgage Trust* v. *Dorchester Sav. Bank*, 395 Mass. 614, 621 (1985), quoting from Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). See also, *Berry* v. *Kyes*, 304 Mass. 56, 57 (1939)("A judge who has seen and heard the witnesses is in a better position to determine their credibility than is a court which is confined to the printed record"). Here, there was support in the record for the judge's findings. There was no error.

3. *The allowance of Fadili's motion for a directed verdict.*
The plaintiff claims that the judge erred in allowing Fadili's
motion for a directed verdict on the contract claim. The sole
issue that he raises on appeal is that the notice that he sent to
Fadili was an effective exercise of his right under the contract
to have Fadili repurchase his stock.

There was no dispute at trial as to the only two relevant
facts; the letter purportedly notifying Fadili of the plaintiff's
exercise of his option to demand a stock repurchase was mailed
on the last day of the eleven-month period, and was received
two days later. Neither party introduced any evidence of con-
tractual negotiations relating to the option provisions or of the
intent of either side with respect thereto. The judge ruled that
the notice was not effective until receipt and allowed Fadili's
motion for a directed verdict.

There were no disputed factual issues or inferences which
affected the interpretation of the contract. Therefore, the in-
terpretation was a matter of law and for the judge and not the
jury. *Thomas* v. *Christensen*, 12 Mass. App. Ct. 169, 174-175
(1981). We rule that there was no error in the allowance of
Fadili's motion for directed verdict. See *Cities Serv. Oil Co.*
v. *National Shawmut Bank*, 342 Mass. 108, 110 n.1 (1961).

4. *Conclusion.* The judgment entered in favor of the plaintiff
against the defendants on the amended count is reversed and
a new judgment is to enter in favor of the defendants on that
count. All other judgments are to stand.

*So ordered.*