Doerfer, J.
The defendant, Aerovox Incorporated (“Aerovox”), has moved this court, pursuant to Mass.R.Civ.P. 59(e), to alter or amend its judgment from a full summary judgment to a partial summary judgment and to allow Aerovox to amend its pleadings to include a regulatory estoppel argument.[1] For the reasons which follow, Aerovox’s motion to alter or amend is denied.
DISCUSSION
The court has the discretion to deny a proposed amendment for undue delay. See All Seasons Services, *215 Inc. v. Commissioner of Health & Hospitals of Boston, 416 Mass. 269, 272 (1993), citing Cappuccio v. Zoning Bd. of Appeals of Spencer, 398 Mass. 304, 314 (1986); Mathis v. Massachusetts Electric Co., 409 Mass. 256, 264 (1991); Castellucci v. United States Fidelity and Guaranty Co., 372 Mass. 288, 292 (1977). At oral argument, Aerovox asserted that it first became aware of the regulatory estoppel argument on July 21, 1993, when the New Jersey Supreme Court issued its decision in Morton International, Inc. v. General Accident Ins. Co. of America, 134 N.J. 1, 629 A.2d 831 (1993), cert, denied 114 S.Ct. 2764, 129 L.Ed. 878 (1994), based on regulatory estoppel. Taking this representation as true, Aerovox was aware of the doctrine of regulatory estoppel in excess of two months before the court, on October 8, 1993, issued its first Memorandum of Decision in this case.[2] Although the tracking order discovery deadline had already expired by the time Morton was issued, Aerovox was not precluded from amending its pleadings prior to the issuance of a series of Memoranda of Decision by this court. Both parties were allowed several rounds of voluminous briefing and two sessions of oral argument, and Aerovox consistently declined to raise the issue of regulatory estoppel. Indeed, Aerovox concedes that it has no just excuse for its failure to previously raise its argument.
Aerovox contends that Highlands would not be unduly prejudiced by the allowance of its current motion to alter or amend. However, allowing Aerovox to raise an argument after final judgment, of which it has been aware for at least one and a half years, would be contrary to the interests of justice and fair play. See Mass.R.Civ.P. 15(a). As Highlands contends, it would be fundamentally unfair to require Highlands to relitigate this case after the parties and the court have spent several years and substantial resources in reaching a final resolution of the matter, especially when the failure to raise the issue of regulatory estoppel appears to have been a strategic choice by Aerovox. See Castellucci, supra at 292.
The court acknowledges that the doctrine of regulatory estoppel has not, as of yet, been addressed in Massachusetts. In Polaroid Corp. v. The Travelers Indemnity Co., 414 Mass. 747, 753 n. 7 (1993), the Supreme Judicial Court rejected the use of the drafting and regulatory history in interpreting the meaning of a pollution exclusion, however it did not endorse or reject the doctrine of regulatory estoppel. Thus, the court does not ground its decision on the “futility” of Aerovox’s motion. Rather, the court concludes that Aerovox’s request for relief is inexcusably untimely, unduly prejudicial, and contrary to the interests of justice.
ORDER
For the foregoing reasons, it is ORDERED that the Defendant Aerovox Incorporated’s Motion to Alter or Amend Judgment is DENIED.

The doctrine of regulatory estoppel precludes an insurer from denying coverage based upon the literal meaning of the pollution exclusion clause and, instead, holds the insurer to the official insurance industry explanation of the proposed exclusion.

Nhe court issued two subsequent Memoranda of Decision on February 28, 1994 and September 28, 1994. While the parties continued to vigorously brief their arguments, Aerovox did not raise its regulatory estoppel argument until the final decision was issued in Highlands’ favor.