Bohn, J.
This matter is before the Court pursuant to Defendant Norfolk-Bristol Ambulance Service, Inc.’s Motion for Reconsideration of this Court’s May 16, 1996 Order denying Norfolk-Bristol’s motion to amend its answer to file a third-party complaint against two new parties. Plaintiff and Defendant Quorum Health Services, Inc. have filed opposition to this motion for reconsideration. Based on the pleadings, arguments of counsel and applicable law, I deny the Motion for Reconsideration and affirm the May 16, 1996 Order.
“The decision whether to allow a motion to amend a pleading is a discretionary decision and depends on a judge’s weighing of several factors . . . such as . . . undue delay by the moving party, imminence of trial, and undue prejudice to the opposing party.” Barbosa v. Hopper Feeds, Inc. et al., 404 Mass. 610, 621 (1989); see also, Castellucci v. U.S. Fidelity & Guaranty Co., 372 Mass. 288 (1977). The policy of liberally allowing amendments to pleadings cannot justify overriding the rights of a person who would be prejudiced by last-minute allowance of a motion to amend. See, Castellucci Allowing Norfolk-Bristol to amend its answer at this point in the proceedings would prove an unjustifiable hardship on the parties to be added. The discovery phase of this litigation has been completed and trial is approaching, if not imminent. It is impor *646 tant to note that the discovery period did not uncover new information that led to the Motion to Amend; the parties to be added were known to all existing parties when the Complaint was filed. Unexcused delay in seeking a motion to amend is a valid basis for denial of the motion. Libby v. Commissioner of Correction, 385 Mass. 421 (1982). The possibility of the two additional defendants’ involvement in this litigation is not a fact that has recently been discovered and the delay in seeking to add the parties is not excusable.
Norfolk-Bristol will not be prejudiced by denial of their Motion to Amend. If found liable for the instant cause of action, they can bring an action against the two additional defendants for contribution up until one year after a decision against them.’ M.G.L.c. 23 IB, Section 3(c). The two additional defendants, however, would suffer severe hardship by being brought in as defendants in a case that has been litigated for two years, on a cause of action that arose over five years ago. There would also be harm to the Plaintiff and the existing Defendants, as there would undoubtedly be the need for further expense and delay.
For this additional reason, Defendant Norfolk-Bristol’s Motion for Reconsideration is denied and this Court’s Order of May 16, 1996 is affirmed.