Tucker, Richard T., J.
This is a personal injury claim in which the plaintiff alleges that he suffered injury due to an unnatural accumulation of ice buildup outside the doorway to premises owned or controlled by the defendant Kathryn Gallant. The plaintiff now moves for leave to amend his complaint to assert that he was caused to slip and fall on the unnatural accumulation by the sudden swinging open of the doorway by the defendant’s adult son, Joseph Gallant. He seeks in his motion to add an additional count against the defendant asserting a breach of duly by defendant to “keep Joseph off the property,” “to keep him from erratically swinging the door open” as well as a failure “to warn the plaintiff of all of the above.” These failures on defendant’s part, it is alleged, resulted in the plaintiff slipping, falling and becoming injured. Additionally, plaintiff seeks to add Joseph Gallant as a party defendant for his negligence in abruptly swinging open the door and his alleged failure to warn the plaintiff that he intended to do so. Lastly, plaintiff seeks to add Michael Bigwood as a party defendant. Mr. Bigwood is said to have been in the premises immediately prior to the injuiy and “failed in his duty to warn the plaintiff... of Joseph Gallant’s intention to swing the door open . . .”
To this motion the defendant files opposition and argues that the amendment should not be allowed since the claims do not “relate back” pursuant to Rule 15, Mass.R.Civ.P. and that the additional claim *420 against the existing defendant is futile as there is no theory of law under which the defendant had a duty to control her adult son from abruptly opening and swinging the door.
Legal Standard
Rule 15, Mass.R.Civ.P. governs amendments to pleadings and states that “leave shall be freely given [to amend a pleading] when justice so requires.” Rule 15 goes on to further state that “whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or conduct set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.”
The “relation back” theory has its limits, however and, as defendant argues in her memorandum, it does not properly apply where the “specific conduct of which [plaintiff] complains occurred before [he] commenced [his] action in the Superior Court, and in those pleadings there is no allegation concerning this conduct, or any charge relating to it.” Weber v. Community Teamwork, Inc., 434 Mass. 761, 785 (2001). Additionally, leave to amend a complaint under the relation back theory has been denied where, after review of the purported amendment a court has determined that the amendment is futile as it fails to state a claim upon which relief can be granted. Levonthal v. Dockser, 361 Mass. 894 (1972).
In this matter it is clear that plaintiff was on notice of all matters that he now seeks to introduce into his complaint at the time of the initial filing in January 2007. Likewise, there is no reason to believe that he was not aware of these facts at or about the time of the incident, in question on January 30, 2004. This seems clear since the plaintiff pursued criminal complaints against Joseph Gallant and Michael Bigwood for their part in the incident. Additionally, plaintiff specifically states that he discussed all these matters with his attorney at the time and that thereafter the complaint was filed (as a matter of strategy or tactics), only against the owner or controller of the real estate Kathryn Gallant. The plaintiff complains that he and his attorney, who has since withdrawn from representation of plaintiff, apparently differed as to whether these claims should be pleaded. This fact however does not further plaintiffs cause to amend complaint since the actions of the counsel performed on behalf of his client are sufficient to bind a client. McCarthy v. Tobin, 429 Mass. 84, 89 (1999) (lawyer’s action in allowing deadline to sign purchase and sale agreement to pass constituted a waiver of his client). “While the rules of ‘relation back’ are liberal, they are not so broad as to encompass any claim that was known to the complainant that could have been brought in a timely fashion.” (Internal citations omitted.) Wynn & Wyn,. P.C. v. MCAD, 431 Mass. 655, 673 (2000). See, Mathis v. Mass. Elect. Co., 409 Mass. 256, 264-65 (1991) (unexcused delay in basis for denying motion to amend).
The substance of the claims sought to be brought against Joseph Gallant and Michael Bigwood were known to plaintiff since the date of the incident in January 2004. There is no justification for the allowance of such amendments now. Such motions are denied.
Plaintiff also seeks to add an additional claim against the present defendant, Kathryn Gallant. Plaintiffs proposed amended Count II states that
Katherine Gallant was aware of her son’s erratic and violent behavior and was fully aware that he was not to be living at her house or on the premises while she was in custody of a Child under D.S.S. care (Nicky Arpón). Kathryn was aware that her son Joseph had rape of a minor charges, restraining orders and other violent charges including breaking his own brother’s jaw (Josh Gallant).
Defendant argues the “futility of the amendment” as grounds for the denial of the motion. Castellucci v. Fidelity & Guaranty Co., 372 Mass. 288, 290 (1977), citing Foman v. Davis, 371 U.S. 178, 183 (1962). Defendant further states that no authority exists for imposing liability upon a mother for failure to control her adult son as applied to this case (i.e., failure to prevent him from opening the door “erratically”).
I find that this amendment would be subject to a motion to dismiss upon the standard of “failure to state a claim upon which relief can be granted.” Rule 12(b)(6) Mass.R.Civ.P. As such this amendment/claim is futile and may not be allowed. See Leventhal v. Dockser, 361 Mass. 894 (1972) (denial of motions to amend declaration upheld where proposed claims were demurrable).
ORDER
The plaintiffs motions for leave to amend complaint are DENIED.