Connolly, Thomas E., J.

BACKGROUND

This civil action, commenced on August 12, 2008, involves a request for declaratory relief by the plaintiff corporation as to what, if any, equity that the defendant, Allen Sneider, owns in the plaintiff corporation, Karmaloop, Inc., together with other claims by the subject corporation against Allen Sneider as follows:
Count I — Breach of Fiduciary Duty
Count II — Breach of Duty of Good Faith and Fair
Dealing
Count III — -Money Had and Received (Unjust Enrichment)
Count IV — Conversion
Count V — Fraudulent Concealment
Count VI — Tortious Interference with Advantageous Business Relationship
The defendant, Allen Sneider, in turn, on October 22, 2008 filed his answer and counterclaims against Karmaloop, Inc. and against Gregory Selkoe and Christopher Mastrangelo as counterclaim defendants. Allen Sneider asserted the following direct claims (that is, not as a derivative claim(s)) as follows:
Count I — Fraudulent Concealment (against all three defendants in counterclaim)
Count II — Fraudulent Misrepresentation (against all three defendants in counterclaim)
Count III — Breach of Duly of Good Faith and Fair Dealing (against Selkoe and Karmaloop, Inc., only)
Count IV — Promissory Estoppel (as to all three defendants in counterclaim)
Count V — Tortious Interference with Advantageous Business Relationship (Selkoe and Mastrangelo, only)
Count VI — Conversion (against all three defendants in counterclaim)
Count VII — Abuse of Process (against all three defendants in counterclaim)
Count VIII — Claim for Declaratory Judgment concerning the number of equity units possessed by Sneider at the present time.
The present time standard for the end of discovery was July 8, 2009 (see paper docketed as No. 17). This present Motion for Leave to Amend Verified Counterclaims was filed, with opposition, on July 14, 2009.
The defendant and counterclaim plaintiffs Motion for Leave to Amend Verified Counterclaims seeks to radically change the nature of this case, in which discovery has already been closed. Namely the defendant, Sneider, is attempting to add “D. Selkoe” (this Court assumes that this refers to Dennis Selkoe, a present Director of Karmaloop, Inc. and the father of Gregory Selkoe) as a parly defendant and to assert stockholder derivative claims against Karmaloop, Inc., Gregory E. Selkoe, Christopher Mastrangelo and D. Selkoe for what he alleges to be their breaches of the fiduciary’s duties that they owed to the “company” as officers and directors.
Sneider in his present motion indicated that in early 2006 he was removed by Gregory Selkoe, the Chief Executive Officer of Karmaloop, LLC, from his duties, either part-time or full-time, on behalf of Karmaloop, LLC, and was ordered off the premises.
Karmaloop, LLC was a Massachusetts limited liability company organized on October 22, 1999, with its managers listed as Gregory Selkoe, Dennis Selkoe, Alex Mendoza and Marlene Albin.
In July 2008, the Massachusetts Limited Liability Company of Karmaloop, LLC was merged with and into Karmaloop, Inc., a Delaware corporation. The Certificate of Merger was filed with the Secretary of the Commonwealth on July 14, 2008. The new corporation, Karmaloop, Inc. was formed in Delaware on or before July 10, 2008. Therefore, in July 2008, Karmaloop, LLC merged with and into Karmaloop, Inc. with Karmaloop, Inc. being the surviving entity.
The defendant has filed his Motion to Amend and cites the usual cases in which the trial court is instructed to allow the motions to amend unless there appears to be some good reason for denying the motion. Castellucci v. U.S. Fid. & Guaranty Co., 372 Mass. 288, 292 (1977). The imminence of trial, with discovery having been closed or the futility of the claim sought to be added have been held to be proper reasons justifying the denial of motions to amend. Sharon v. City of Newton, 437 Mass. 99, 102 (2002).
The Limited Liability Company Act, ch. 156, §56 provides that members of a limited liability company may bring suits on behalf of its members. The procedural rule governing derivative actions by shareholders is Mass.R.Civ.P. 23.1. To bring a derivative action, the plaintiff must own stock in the corporation “at the time of the transaction of which he complains” (so-called contemporaneous ownership requirement). Also the plaintiff must remain an owner during the *487 pendency of his suit (so-called continuing ownership requirement).

DISCUSSION

The key issue is whether the Court should allow the subject motion. At oral argument, counsel for the defendants in counterclaim indicated that he opposes the allowance of any stockholder derivative claims, but does not oppose the proposed amendments on the direct claims.
This Court has closely read all the submissions, and the cases cited. This Court is of the opinion that the Motion to Amend should be allowed as to any direct claims in counterclaim by Sneider against Karmaloop, Inc., Gregroiy Selkoe and Christopher Mastrangelo. The Motion to Amend by adding Dennis Selkoe as a counterclaim defendant and by the adding of derivative counterclaims against Gregoiy Selkoe, Christopher Mastrangelo and Dennis Selkoe should be denied.
The Court fully recognizes the requirement and need for the Court to allow amendments unless there is a good reason for denying it. This Court has read every submission and every document in this file. There comes a time in litigation when some control must be exercised by the court when trial tactics are attempted to be used to delay, harass and simply make life difficult for all the participants in a case. Many times when a claim such as the present derivative claim is made at or around the end of discovery indicates an attempt by one party to substantially increase the cost factor of the opposing party so as to attempt to force the settlement of a case.
The Court denies this Motion to Amend only insofar as it seeks to add Dennis Selkoe as a counterclaim defendant and as it seeks to add any and all derivative claims for the following reasons:
1.The Motion to Amend by adding Dennis Selkoe (who is the elderly father of the counterclaim defendant, Gregory Selkoe) as a counterclaim defendant and by adding derivative counts, (Counts 10 through 14) is definitely not timely. Discovery was already closed when this motion was filed with the Clerk. There is no way that the parties could do proper discovery on these derivative claims in even, for example, two years additional time.
The direct claims and direct counterclaims are or should be ready for trial and they will be tried promptly. If Mr. Sneider wishes to pursue these derivative claims, he can do so in a separate lawsuit. Under no circumstances would this judge consolidate them for discovery or trial. Assuming arguendo that there might be a need for some evidence to be repeated in the derivative lawsuit, so may it be. However, the Court believes that the attempt to assert these derivative counterclaims at this time is an attempt to substantially increase the cost factor in an attempt to force the settlement of this case.
2. Sneider does not have standing to commence and maintain a derivative action against Karmaloop, Inc. Sneider does not and never has owned stock in Karmaloop, Inc. It is a requirement for the bringing of a derivative stockholders claim. Lewis v. Anderson, 477 A.2d 1040, 1046 (Del. 2004). When there is a corporate merger (as is the case here), the shareholder must not only be a stockholder at the time of the alleged wrong and at the time of the commencement of the suit, but also must maintain shareholder status throughout the litigation. Billings v. GTFM, LLC, 449 Mass. 281, 291, n.21 (2007). “[A] merger, which eliminates a complaining shareholder’s ownership of stock in a corporation ... [is based] on the theory that the derivative rights pass to the surviving corporation which then has the sole right or standing to prosecute the action.” Lewis v. Anderson, supra at 1045. While Sneider can pursue in his direct claim against Karmaloop, Inc. the issue of whether he should receive stock or not, he can’t bring a shareholder’s derivative suit for the simple reason that he does not and never has owned Karmaloop, Inc. stock. There are no allegations of fraud in the merger which appears to have been done for legitimate business purposes and not done to merely eliminate derivative claims. Billings, supra at 293-94.
3. Even assuming arguendo that Sneider has standing to bring a derivative claim, he cannot adequately and fairly prosecute the claims on behalf of the corporation. See: Mass.R.Civ.P. 23.1 which states that a shareholder must be able to fairly and adequately represent the shareholders. In Counts I through IX of his counterclaim, Sneider is making major claims on his own behalf against the corporation, while in the derivative claims he would be making major claims on behalf of the corporation and its stockholders. As such, there would exist a substantial conflict for Sneider to bring claims against Karmaloop, Inc. for his own personal gain and bringing claims on behalf of the Karmaloop, Inc. in the proposed derivative stockholders claim for the behalf of the same corporation, Karmaloop, Inc. Such a conflict would not and should not allow Sneider to prosecute derivative claims on behalf of Karmaloop, Inc. in the same civil action as he prosecutes claims against Karmaloop, Inc. for his own personal benefit. Here, Sneider is moving to add derivative claims after discovery is closed. This Court concludes that he is doing so to help him settle his direct claims advantageously. Nearly 95% to 99% of the shareholders have filed affidavits that they do not want this derivative action brought and they want nothing whatsoever to do with it.
If Sneider wants to file a separate suit on any alleged derivative case, he’s free to do it. But he should not be permitted to use this abusive tactic in this case.

ORDER

The defendant, plaintiff in counterclaim, Allen Sneider’s Motion to Amend his Counterclaims by add *488 ing Dennis Selkoe as a counterclaim defendant is DENIED, the portion of the Amended Counterclaim which seeks to add five separate counts asserting derivative claims (namely Counts X, XI, XII, XIII and XIV) is DENIED and the amendments to Counts I through IX are ALLOWED.