Ricciardone, David, J.
The court is called upon to consider whether the liberal amendment provisions of Rule 15 support the plaintiffs’ request to add two counts against the defendant Mary Lane Hospital Corporation (“Hospital”).
The defendants argue several grounds for denying the amendment, including its timing. Nevertheless, this court finds the Hospital’s assertion regarding the nature of the claimed relief under chapter 93A to be persuasive.
Assuming the amended allegations to be true, the Hospital’s conduct in advertising its emergency medical services was only incidental to its core function of providing medical care. “Trade or commerce” refers to marketplace transactions, and the Hospital therefore cannot credibly be seen to be a “person” engaged in “trade or commerce,” within G.L.c. 93A, §11. Further, the Hospital is a charitable organization operated by its Board and, as such, did not seek to profit from its advertised emergency services. All Seasons Services, Inc. v. Commissioner of Health & Hospitals of Boston, 416 Mass. 269, 271 (1993).
I find that this amendment would be subject to a motion to dismiss upon the standard of “failure to state a claim upon which relief can be granted.” Rule 12(b)(6) Mass.R.Civ.P. As such this amendment/claim is futile and may not be allowed. See Leventhal v. Dockser, 361 Mass. 894 (1972); Castellucci v. Fidelity & Guaranty Co., 372 Mass. 288, 290 (1977), citing Foman v. Davis, 371 U.S. 178, 183 (1962).
ORDER
For the reasons stated herein, the plaintiffs’ request for leave to file an amended complaint is DENIED.