Henry, Bruce R., J.
Before the court after a jury verdict in this medical malpractice case are the plaintiffs’ motion seeking to amend the complaint to add Dr. Thornton’s employer as a defendant and Dr. Thornton’s motion regarding the appropriate rate of interest to be applied to the amounts awarded by the jury. After consideration of the arguments presented by the parties and by Boston IVF, the motion to amend is DENIED. With respect to the issue of interest to be added to the juxy’s awards, I find that the appropriate rates to be awarded are as described below.
Motion to Amend[1]
The plaintiffs assert that adding Boston IVF is permissible under the rules and Massachusetts’ liberal amendment policy and is warranted in order to conform to the evidence at trial. Under the circumstances of this case, I do not believe that the proposed amendment is warranted. The rules say what they say; however, for me fundamental fairness dictates that an entity not a parly to a lawsuit and not in agreement with being added as a party should not be saddled with a verdict that it had no opportunity to defend against. I do not find the cases cited by the plaintiffs to be persuasive on the issue of whether Boston IVF should be added as a defendant at this stage of the proceedings.
Furthermore, and contrary to the argument made by the plaintiffs, Dr. Thornton’s employment status was not actually placed in issue at trial. The transcript segments of the opening statements and from the examination of Dr. Thornton which are cited by the plaintiffs do not demonstrate to me that the issue was live and was one which was litigated with the assent of the parties.
Counsel for the plaintiffs is correct that Massachusetts law does not require that motions to amend be served upon the proposed new party. The Appeals Court, however, stated in Srebnick v. Lo-Law Transit Management, Inc., 29 Mass.App.Ct. 45, 51 (1990), that “(t]he preferable practice would be for the party seeking to add a new party to give the proposed new party notice of the motion to amend so that the new party would have the opportunity to file an opposition and to request a hearing.” That practice would clearly have been preferable here, especially since the parties to the trial were aware that Boston IVF had successfully opposed an earlier motion which sought to add it as a party based on the employment status of a co-defendant.[2]
Applying the well-established standard for determining motions to amend, I find that the amendment should not be allowed at this point in the proceedings. A motion to amend should be allowed unless good reason appears for denying it. Castellucci v. United States Fid. & Guar. Co., 372 Mass. 288, 289 (1977). Among those good reasons for denying a complaint are “undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.” Id. at 290. Here, the delay is clearly undue. While the defendant answered interrogatories and was deposed in June of this year, there is no justification offered by the plaintiffs for the delay in pursuing that discovery or for not moving at that point to add Boston IVF as a defendant. While the earlier denial of a similar motion to add Boston IVF may have served as a disincentive to bringing the motion, waiting to pursue the addition until after the trial is an unexcused and unwarranted delay. That delay combined with the inability of Boston IVF to participate in the trial and to counter the plaintiffs’ claims in any way are the grounds upon which the denial of this motion is based.
Appropriate Interest Rate
This matter was brought in 2010. At the time of the commencement of the lawsuit, the statute governing interest on medical malpractice judgments stated that “For all actions commenced after the effective date of this act, the rate cf [sic] interest to be applied by the clerk shall be at a rate equal to the weekly average 1-year constant maturity Treasury yield plus 4 percent, as published by the board of Governors of the Federal Reserve System for the calendar week preceding the date of the judgment ...” As of November 4, 2012, the statute was amended as follows: “Section 60K of chapter 231 of the General Laws, as so appearing, is hereby amended by striking out, in line 14, the *94 figure ‘4’ and inserting in place thereof the following figure:—2.” The parties dispute the interpretation of the statute and the amendment. The plaintiffs assert that the applicable rate should be the weekly average Treasury yield plus 4 percent, the rate applicable at the commencement of the lawsuit. The defendant contends that the rate is the weekly average Treasury yield plus 2 percent, the rate after the 2012 amendment, or, in the alternative, the 4 percent figure should apply up to the date of the amendment and the 2 percent figure thereafter.
The “general rule is that a statute affecting the interest payable prior to judgment, or on a judgment, shall not apply retroactively but shall instead apply prospectively from the effective date of that statute.” Smith v. Massachusetts Bay Trans. Auth., 462 Mass. 370, 380 (2012). In Smith the Supreme Judicial Court noted the difficulty courts encounter in determining when and how to apply a new rate of interest to cases already in litigation. The Court recommended the consistent application of the rule set out in Trinity Church in Boston v. John Hancock Mat. Life Ins. Co., 405 Mass. 682, 684 (1989). Smith, supra at 380, n. 10. In Trinity Church, the Supreme Judicial Court, citing its holding in Porter v. Clerk of the Superior Court, 368 Mass. 116, 118 (1975), noted that “Interest is paid as compensation for delay ... It accrues daily: it is not fixed for all time ... Thus, the point in the proceedings to which the statutory interest rate applies is passed each day, and the rate applicable on each day is that in effect at the time.’ ” 405 Mass, at 684.
Based on my reading of those cases the appropriate interest rates to be applied are those which were in effect on each day since the commencement of this action on March 1, 2010. Therefore, the interest rates to be applied are the weekly average 1-year constant maturity Treasury yield (the Treasury yield) plus 4 percent for the period of March 1, 2010, through November 3, 2012, and the Treasury yield plus 2 percent for the period from November 4,2012, through the date of the judgment.
ORDER
The plaintiffs renewed motion to amend the complaint to add Boston IVF as a defendant is DENIED. Judgment shall be entered for the plaintiffs with interest at the rates set forth herein.

 previously allowed an “assented to” post-trial motion to add Boston IVF filed by the plaintiff. Thereafter, I allowed Boston IVF’s motion to reconsider so that I could hear from all parties regarding the proposed amendment. This renewed motion and the materials submitted in support of and in opposition to the motion have been received and considered by me.

 While of some interest to the determination of this motion, the denial of the earlier motion to add Boston IVF does not, in my view, establish the “law of the case” as argued by Boston IVF.