NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-724

MOHAMMED AKBARIAN, trustee,[1]

vs.

MUHAMMAD M. ABDELHALIEM.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In December 2019, Mohammed Akbarian, as trustee of the Pine Banks Trust (landlord), filed a summary process complaint in the Housing Court against Muhammad M. Abdelhaliem (tenant).  The complaint alleged, among other things, that the tenant failed to vacate after receiving a thirty-day notice to quit.  The tenant filed an answer and raised defenses and counterclaims of defective notice, retaliation, discrimination, violation of the implied warranty of habitability, breach of quiet enjoyment, violation of the Consumer Protection Act, negligence, and emotional distress.  Following a bench trial that concluded on December 13, 2021, the court entered judgment for the landlord

_____

[1] Of the Pine Banks Trust.

for possession and on all of the defendant's counterclaims.  We affirm.

Based on the tenant's brief and our review of the papers, it is unclear in what way the tenant argues that the Housing Court judge erred.  The tenant did not include a trial transcript, and therefore it is impossible to conclude that any of the judge's decisions regarding the evidence or his findings of facts were in error.  See, e.g., M.M. v. D.A., 79 Mass. App. Ct. 197, 207 (2011).

The tenant's arguments largely reiterate his claims before the Housing Court, which, after careful review, the judge found did not present a defense to possession by the plaintiff.  To overturn the judge's findings or rulings, we must conclude that the judge made clearly erroneous factual findings or reached an incorrect conclusion of law.  See, e.g., United States Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 427(2014).  On the record provided to us, we cannot determine whether the judge's findings were unsupported or that they formed a basis for an incorrect conclusion of law.

To the extent the tenant also argues that the judge improperly denied his motion to amend his pleadings, we find no merit to his argument.  The standard of review is whether the judge abused his discretion in denying the motion.  See, e.g., Manfrates v. Lawrence Plaza Ltd. Partnership, 41 Mass. App. Ct.

409, 413-415 (1996).  His motion to amend the complaint, which included six new Federal claims and further facts, damages, and exhibits, was untimely and unduly prejudicial.  See, e.g., Castellucci v. United States Fid. & Guar. Co., 372 Mass. 288, 289-291 (1977).

Judgment affirmed.

By the Court (Meade,
  Hershfang & D'Angelo, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  October 13, 2023.

---

[2] The panelists are listed in order of seniority.