SALAM HAMED vs. ADEL A. FADILI & others.[1]

Middlesex. April 3, 1990. - July 18, 1990.

Present: LIACOS, C.J., WILKINS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil*, Record, Appeal, Amendment, Findings by judge. *Contract*, Performance and breach. *Notice*, Timeliness.

A judge of the Superior Court was without power to amend the record of a case once it had been decided by the Appeals Court, and further appellate review proceeded on the same record on which the Appeals Court based its decision. [103-105]

At the jury trial of a civil action, the plaintiff should not have been granted leave, at the close of all the evidence, to amend his complaint under either section (a) or (b) of Mass. R. Civ. P. 15, where the amendment added a materially different theory of liability, where the record did not permit a conclusion that the parties consented to trial of the amended claim, and where clear prejudice to the defendant resulted from the amendment. [105-106]

At the trial of a contract claim, the judge correctly ruled that the plaintiff had failed to give timely notice of the exercise of his option to demand repurchase of certain stock. [106-107]

A judge's finding that a party to a civil action had not contributed toward another party's purchase of certain land was not clearly erroneous. [107]

CIVIL ACTION commenced in the Superior Court Department on July 29, 1982.

The case was tried before *Walter E. Steele*, J.

After review by the Appeals Court the Supreme Judicial Court granted leave to obtain further appellate review.

*Paul W. Shaw* (*Harvey A. Schwartz* with him) for the plaintiff.

*Peter B. Ellis* (*Richard d'A. Belin* with him) for the defendants.

---

[1]Fadili Construction Company, Inc., and Site Development Corporation.

LYNCH, J. The plaintiff, Salam Hamed, commenced this action in the Superior Court against the defendants, Adel A. Fadili, Site Development Corp. (Site), and Fadili Construction Company, Inc. (Fadili Construction), seeking damages in connection with an unsuccessful real estate development project initiated by Fadili. After a trial which resulted in a jury verdict for the plaintiff in the amount of $648,000, the defendants appealed and the Appeals Court reversed. *Hamed v. Fadili*, 27 Mass. App. Ct. 234 (1989). The Appeals Court ruled that the trial judge had erred in allowing the plaintiff's belated motion to amend his complaint to include a claim alleging fraud in the inducement.[2] We granted the plaintiff's application for further appellate review and, since we are in agreement with the opinion of the Appeals Court, we affirm in part and reverse in part.

There was evidence at trial that in 1981 Fadili owned and controlled Site. At that time, Fadili informed the plaintiff that Site planned to develop an office building on land it owned in North Reading and invited him to invest in the project. On July 15, 1981, the parties signed a contract in which Fadili agreed to sell, and the plaintiff agreed to buy, a one-half interest in Site for $180,000. The contract also provided that the plaintiff had the option to resell his stock to Fadili for a price equal to the plaintiff's entire investment in Site. The contract stated that the plaintiff could exercise his option "at the expiration of eleven (11) months from the date of the execution of this Agreement and upon written notice to [Fadili]." Another provision of the contract stated that "[n]otwithstanding the provisions hereof, [the plaintiff] shall not be entitled to demand the repurchase of his stock after expiration of eleven (11) months from the execution of this Agreement."

---

[2]In addition, the Appeals Court affirmed the trial judge's entry of a directed verdict in favor of the defendants on a claim by the plaintiff that the defendants had committed a breach of contract. The Appeals Court also affirmed the trial judge's dismissal of a counterclaim by Site asserting an equitable interest in a piece of property in Lynnfield allegedly purchased by the plaintiff with funds provided by Site.

The plaintiff argues that the only logical interpretation of the agreement, reading the two clauses together, is that the plaintiff could exercise his option only on the final day of the eleven-month period. On June 15, 1982, eleven months from the date that the contract was signed, the plaintiff, through his attorney, sent a letter to Fadili demanding repayment of all money which he had paid under the contract. The letter was received by Fadili on June 17, 1982. Fadili refused the plaintiff's demand for repayment of the money on the ground that the request was untimely because it was received after the expiration of eleven months.

The plaintiff's initial two-count complaint alleged, first, that the defendants' refusal to refund his investment constituted a breach of contract and, second, that the defendants had defrauded him in the operation of Site. At a pretrial conference the trial judge dismissed the fraud claim on the ground that it did not state the alleged fraudulent acts with sufficient particularity, as required by Mass. R. Civ. P. 9 (b), 365 Mass. 751 (1974).

At the close of all the evidence, Fadili moved for a directed verdict on the contract claim on the ground that the plaintiff's notice for a refund was untimely as a matter of law. The judge allowed the motion. Also at the close of evidence the plaintiff filed a motion to amend his complaint to add a claim of fraud in the inducement. The plaintiff sought treble damages against the defendants pursuant to G. L. c. 231, § 85J, inserted by St. 1971, c. 450.[3] The judge allowed the motion over the defendants' objection.

The jury returned a treble damage verdict in favor of the plaintiff in the amount of $648,000 on the new claim alleging fraud in the inducement. The judge ordered that prejudgment interest of $309,342.24 be added to the verdict. Judgment was therefore entered for the plaintiff in the total

---

[3]General Laws c. 231, § 85J (1988 ed.), states: "Whoever, by deceit or fraud, sells personal property shall be liable in tort to a purchaser in treble the amount of damages sustained by him."

amount of $957,342.24.[4] With regard to Site's counterclaim that it had an equitable interest in certain real estate purchased by the plaintiff in Lynnfield, the judge found for Hamed.

The Appeals Court reversed the decision of the trial judge allowing the motion to amend. The Appeals Court concluded that Fadili was prejudiced by the belated insertion of the new claim and also that the new claim was futile because the evidence at trial was legally insufficient to support a verdict for the plaintiff on a theory of fraud in the inducement.

1. *The record on appeal.* This case involves a threshold issue involving the content of the record on appeal. After his application for further appellate review was allowed, the plaintiff filed a motion in the trial court to "correct and modify" the trial record. After a hearing at which the defendants were not represented, the trial judge signed the following findings and rulings drafted by plaintiff's counsel:

> "1. If as the Appeals Court concluded, the record shows that 'at a pretrial conference, the trial judge dismissed, sua sponte, the second count of the complaint that had alleged fraud,' then the record is incorrect and does not accurately reflect the rulings of the court following a lobby conference with counsel for the plaintiff and defendants. As the docket indicates, the plaintiff's fraud count was not dismissed by the Superior Court nor was it ever my intention to dismiss the plaintiff's fraud count.
>
> "2. If as the Appeals Court concluded, 'the record demonstrates from the comments of the plaintiff's counsel and the judge . . . that the parties believed that the matters on trial involved only a breach of contract claim and some counterclaims, none of which involved fraud,'

---

[4]The jury also returned a verdict of $31,693.01 in favor of Fadili on his counterclaim alleging that the plaintiff had failed to pay back funds borrowed from Fadili, and a verdict of $4,836.89 in favor of Fadili Construction on its counterclaim alleging nonpayment for construction work performed on plaintiff's home.

then the record is incomplete and does not accurately reflect what occurred in the lower court. As the trial progressed, it was clear that there was substantial evidence of fraud by the defendants. In several lobby conferences this fact was discussed by counsel for both parties and the court. On or about the third day of trial, I made it clear in a lobby conference that the plaintiff would be able to proceed with his fraud case and that an appropriate amendment should be filed. The allegations of fraud as alleged in the plaintiff's amended Count II were discussed by counsel for both parties and the court in lobby conference prior to the actual amendment of the complaint. Despite these discussions, at no time during the course of the trial did defendants' trial counsel raise the issue of prejudice with regard to this amendment."

The defendants' motion to vacate these findings and rulings was denied after a hearing.

The plaintiff then filed a motion here to supplement the record on appeal with the trial judge's postappeal revised findings and rulings.

It is explicitly provided in the Massachusetts Rules of Appellate Procedure that the trial judge shall settle any difference as to whether the record truly discloses what occurred in the lower court. Mass. R. A. P. 8 (e), as amended, 378 Mass. 932 (1979). That rule has never been applied in this jurisdiction subsequent to an appeal in what amounts to a collateral attack on the appellate decision. It is implicit in the rule and in the very nature of the appellate process that any correction to the record must take place before the appeal has been decided. Therefore the trial judge could not amend the record in this case after the decision of the Appeals Court. See *United States* v. *Jones*, 204 F.2d 745, 751 (7th Cir.), cert. denied, 346 U.S. 854 (1953). This rule is necessary to preserve the integrity of the appellate process.

Further appellate review will proceed on the same record on which the Appeals Court based its decision.[5]

2. *Allowance of the plaintiff's motion to amend the complaint.* The defendants claim that the judge abused his discretion in allowing the plaintiff's motion to amend his complaint. The motion stated that it was filed pursuant to both Mass. R. Civ. P. 15 (a) (amendments) and (b) (amendments to conform to the evidence), 365 Mass. 761 (1974). The judge, however, at the time that he allowed the motion, did not indicate the particular section upon which he based his decision. We conclude that it was error for the judge to allow the motion under either section.

This court has stated that "Mass. R. Civ. P. 15 (a) . . . eliminated the once broad discretionary authority of a judge to deny a motion to amend a pleading," *Castellucci* v. *United States Fidelity & Guar. Co.*, 372 Mass. 288, 289 (1977), and that "a motion to amend should be allowed unless some good reason appears for denying it." *Id.* However, " '[i]t is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment,' " *Goulet* v. *Whitin Mach. Works, Inc.*, 399 Mass. 547, 550 n.3 (1987), quoting *Cornell & Co.* v. *Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978), and prejudice is to be considered in regard to a motion to amend filed under both sections.

In this case the amendment came at the close of all the evidence and added the theory of fraud in the inducement, which stated an entirely different theory of liability from either the plaintiff's breach of contract claim or his initial fraud claim. See *Castellucci, supra* at 292. Moreover, the

---

[5]Our denial of the plaintiff's motion to amend the record on appeal is buttressed by two additional practical considerations. First, defendants' counsel was not present, allegedly because of a lack of notice, during the initial hearing in the Superior Court on plaintiff's motion to "correct and modify" the record. Second, at the hearing on the defendants' motion to vacate the revised findings and rulings, the judge stated repeatedly that he had no memory of most of the events referred to in the second paragraph of the revised rulings and findings.

plaintiff offered no explanation as to why it took him more than four years from the filing of his initial complaint to assert his new claim. See *United States Leasing Corp.* v. *Chicopee*, 402 Mass. 228, 233 (1988). And finally, there is nothing in the record from which it can be concluded that the parties impliedly consented to trial of the new claim. The plaintiff's fraud-in-the-inducement claim was so materially different from the contract claim that some substantial difference in trial preparation, strategy, and technique would have been required on the part of the defendants. In these circumstances, there was no basis for the judge to find that the defendants had not been prejudiced.

In view of the clear prejudice to the defendants resulting from the amendment, we conclude that this ruling constituted reversible error and order entry of a new judgment for the defendants. See *Parkman Equip. Corp.* v. *S.A.S. Equip. Co.*, 14 Mass. App. Ct. 938, 939-941 (1982) (reversing allowance of eve-of-trial motion to amend complaint and requiring the parties to proceed, if at all, on the basis of the original pleadings).[6]

3. *Other issues.* The judge was correct in allowing the defense motion for a directed verdict on the contract claim and in dismissing Site's counterclaim.

With regard to the contract claim there was no dispute at trial as to the only two relevant facts: that the letter purportedly notifying Fadili of the plaintiff's exercise of his option to demand a stock repurchase was mailed on the last day of the eleven-month period, and that it was received two days later. There were no disputed factual issues or inferences which affected the interpretation of the contract, and the issue was therefore a question of law to be decided by the judge. The judge ruled that the notice was late because it was not received until the time for giving notice had expired. We agree. See *Hurd* v. *Cormier*, 358 Mass. 736, 738 (1971); *Cities*

---

[6]We agree with the Appeals Court that, because the defendants were not given an opportunity to present possible grounds for opposing the plaintiff's motion to amend before the judge allowed the motion over their objection, they may raise a claim of prejudice on this appeal.

*Serv. Oil Co.* v. *National Shawmut Bank*, 342 Mass. 108, 110 n.1 (1961). The notice was untimely.

In its counterclaim Site alleged that its president, Fadili, had contributed $25,000 toward the acquisition of the property purchased by the plaintiff in Lynnfield. The judge found that Fadili had not contributed any funds toward the purchase price of the land. Site claims that the judge's findings were clearly erroneous. We disagree. There was evidence that the $25,000 allegedly contributed by Site was in fact the repayment of a debt owed to the plaintiff by Fadili's brother, Amir.

The judgment entered in favor of the plaintiff against the defendants on the amended count is reversed, and a new judgment is to enter in favor of the defendants on the count. All other judgments are to stand.

*So ordered.*