Merrick, PJ.
Plaintiffs Missy Daboul Margolis (the “Broker”) and her husband have appealed the dismissal of this action and award of attorney’s fees under G.Lc. 231, §59H, the statute curbing so-called SLAPP suits or “Strategic Litigation Against Public Participation.”
The Broker and a co-broker brought separate small claims actions in the Framingham Division of the District Court Department against defendants Edward D. and Joyce McCarthy (the “Investors”) to recover a commission in connection with the sale of real estate. They recovered total damages of $3,288.00 against the Investors in the form of two separate judgments for $1,644.00. Thereaf *13 ter, the Broker’s lawyer sent a letter to the Investors stating that if the judgments were not paid, she would seek a notice to show cause why the Investors should not be held in contempt. The Investors responded with a letter dated September 9, 1998, the nature of which is the critical issue in this appeal.
The letter was addressed to the Broker’s lawyer and indicated'that copies were being sent to the Broker, the First Justice and the Clerk-Magistrate of the Framingham Division, and the Assistant Clerk of that court who had heard the small claims case. The Investors’ letter referenced the docket number of the small claims case brought by the Broker, and specifically requested that it be kept separate from correspondence on the co-broker’s case. The letter complained that the Broker’s lawyer had not responded to several telephone messages, and then requested what amounted to a setoff from an unrelated transaction as follows:
While Missy Margolis was acting as the head of marketing and sales for the Phoenician and operating as a principal in that enterprise, I invested substantial funds with her. The current due principal is $100,000 and with the guaranteed compounded interest spelled out in the original agreement the total is currently in excess of $250,000. The majority of the principals are under Federal Indictment in this matter and the court' case is pending.
I will deduct the $1644.00 from the total amount due from Missy Marg-olis and her partners.
Despite the Investors’ letter of September 9, 1998, a notice to show cause was issued by the court on September 18, 1998 and heard on October 21, 1998. The Investors were ordered to pay the judgment, and have paid it.
The Broker and her husband[3] then brought the present action against the Investors for defamation, intentional infliction of emotional distress and loss of consortium, all based entirely on the September 9, 1998 letter. The Investors responded with a Special Motion to Dismiss pursuant to the anti-SLAPP statute, G.L.c. 231, §59H. The trial court allowed the motion and awarded attorney’s fees. The plaintiffs have appealed that decision pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
1. The Massachusetts anti-SLAPP statute provides, in pertinent part:
In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party’s exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss. The court shall advance any such special motion so that it may be heard and determined as expeditiously as possible. The court shall grant such special motion, unless the party against whom such special motion is made shows... : (1) that the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) that the moving party’s acts caused actual injury to the responding party. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
G.L.c. 231, §59H. The statute further provides that discovery "will be stayed pending a decision on the motion and that attorney’s fees will be awarded to a successful movant.
*14 Section 59H defines “a party’s exercise of its right of petition” as including
any written or oral statement made before or submitted to a... judicial body...; any written or oral statement made in connection with an issue under consideration or review by a... judicial body...; any statement reasonably likely to encourage consideration or review of an issue by a ... judicial body;...
It is the Broker’s central argument that the Investors’ letter of September 9 did not fall within that definition because the small claims case to which it referred had already gone to judgment, and the Investors had failed to raise a counterclaim concerning the setoff. It is important to note that small claims actions, like the one brought by the Broker to collect her commission from the Investors, are subject to further proceedings after judgment for the purpose of collection in which the court has broad discretion to order payment, enforce such orders by contempt or, alternatively, to vacate or stay such orders. G.L.c. 218, §22; Uniform Small Claims Rule 9. When the Broker’s lawyer announced an intention to seek a notice to show cause why the Investors should not be held in contempt for failure to pay the judgment, the Investors responded to the effect that judgment should be set off against a larger sum owed by the Broker. They endeavored to avoid a notice to show cause by sending a copy of their letter to the appropriate court officials; namely, the First Justice and Clerk-Magistrate whose names appeared on the judgment and the Assistant Clerk who had heard the small claims case.
The Broker further asserts that the document is just a “personal letter,” rather than a pleading. A pro se claim for relief, “’however inartfidly pleaded,’ must be held to ‘less stringent standards than formal pleadings drafted by lawyers.’” Real v. Superintendent, Mass. Correctional Inst., Walpole, 390 Mass. 399, 400 n.2 (1983). See Roberts v. Kilgore, 1983 Mass. App. Div. 37, 39. This is particularly true in small claims cases which are governed by no rules of pleading. We rule that the letter in question[4] falls within the definition of “a party’s exercise of its right of petition” under §59H.
2. Once the Investors “make a threshold showing through the pleadings and affidavits that the claims against [them] are ‘based on’ the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities ... the burden shifts to the nonmoving party as provided in the anti-SLAPP statute.” Duracraft Corp. v. Holmes Products Corp., 427 Mass. 156, 167-168 (1998). Section 59H of G.L.c. 231 states:
The court shall grant such special motion [to dismiss], unless the party against whom such special motion is made shows... : (1) that the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) that the moving parly’s acts caused actual injury to the responding party.
*15 [U]nless the plaintiff can show that the special movant’s petitioning activity is ‘devoid of any reasonable factual support or any arguable basis in law,’ the statute directs that the plaintiffs claim be dismissed. Duracraft, supra at 165.
The Investors perhaps did not have a compelling argument that a judge should set off an uncertain claim which had not even been litigated, much less reduced to a judgment, against a judgment already obtained. On the other hand, the judgment enforcement proceedings in a small claims action are equitable in nature and, as we have noted, the judge would have had broad discretion to at least defer collection of the judgment. G.L.c. 218, §22; Uniform Small Claims Rule 9. As to a reasonable factual basis for the Investors’ letter, the record indicates that two principals of the development in which the Investors invested, including the Broker’s brother, were indicted for the allegedly fraudulent scheme. Although the Broker’s affidavit asserts that she was not a principal or partner in the development and received no compensation from the Investors’ funds, she concedes that she referred the investors to a principal of the project. She also does not deny or explain the fact that the development brochure for the scheme includes a biography of her, describing her as “Marketing Director” under a listing of officers and “key people.”
In short, the judge was not obligated to find that the Broker had met her burden of showing that the September 9 letter was “devoid of any reasonable factual support or any arguable basis in law.”
Neither was the judge required to find that the Broker had shown that she sustained “actual injury” based upon her bare assertions that she suffered “severe emotional distress, embarrassment and humiliation as well as medical problems such as headaches, nausea, dizziness and sleepless nights.” Certainly, the Broker suffered no recoverable injury, as we have explained in note 4, supra.
3. In our discretion, we consider an award of appellate counsel fees pursuant to G.L.c. 231, §59H to be appropriate in the circumstances of this case. Patry v. Liberty Mobilehome Sales, Inc., 394 Mass. 270, 272 (1985). We authorize the trial judge to make that award upon motion by the defendants. Cambridge YWCA v. Franks, 1998 Mass. App. Div. 242, 245.
Judgment affirmed. Appeal dismissed.
So ordered.

 Plaintiff David G. Margolis’ claim is solely for loss of consortium arising out of his wife’s claim for defamation. His rights and liabilities, in the circumstances of this case, run with those of his wife.

 Apart from the application of the anti-SLAPP statute, “statements by a party, counsel or witness in the institution of, or during the course of, a judicial proceeding are absolutely privileged provided such statements relate to that proceeding.” Sriberg v. Raymond, 370 Mass. 105, 108 (1976). “ [T]he words ‘pertinent to the proceedings’ are not to be construed narrowly, nor according to evidentiary rules as to admissibility.” Sullivan v. Birmingham, 11 Mass. App. Ct. 359, 362-363 (1981) (statement of ad damnum in medical malpractice complaints was pertinent despite the statutory prohibition of G.L.c. 231, §60C and thus privileged), quoting from Aborn v. Lipson, 357 Mass. 71, 73 (1970). As the complaint in this action was based entirely on the Investors’ letter of September 9, it could have been dismissed under Mass. R. Civ. P, Rule 12(b) (6) for failure to state a claim.