Greco, J.
This is a Dist/Mun. Cts. R. A D. A, Rule 8A appeal of the dismissal of plaintiff Alina Rasten’s (“Rasten”) complaint in this Cambridge District Court action.
The complaint alleged that defendant Yefim Zimbovsky (“Zimbovsky”) defamed Rasten and intentionally or negligently inflicted emotional distress upon her by filing a spurious affidavit against her in the Brookline District Court. The affidavit was apparently part of Zimbovsky’s application for a complaint against Rasten in Brookline for her alleged violation of a restraining order.[1] Zimbovsky’s Brookline affidavit, which was attached to Rasten’s Cambridge complaint, alleged that Rasten attacked him outside of a post office with “a Cobra divice [sic] which discharged high voltage,” and chased him into and held him captive in a nearby Copy-Cop, continuously “projecting high voltage electricity toward [his] face from the divice [sic] which she was holding,” causing him “awful pain” and “awful emotional distress.”
Zimbovsky filed a Rule 12(b) motion to dismiss Rasten’s Cambridge complaint on the grounds that: (1) the action was barred by G.L.c. 231, §59H (the Massachusetts “anti-SLAPP” statute), (2) the Cambridge District Court was not the proper venue, and (3) Rasten failed to serve him with a copy of her statement of damages. Zimbovsky’s motion also sought Mass. R. Civ. P., Rule 11(a), sanctions against both Rasten and her attorney, as well as $750.00 in “costs” for “reviewing, researching and answering the complaint.” Ater hearing, the trial court allowed the motion, but stated only that the action was dismissed “pursuant to Rule 12.” The court also awarded Zimbovsky the $750.00 in costs and attorney’s fees he sought, but designated the award as a Rule 11 sanction.
1. Rasten’s complaint was properly dismissed under G.L.c. 231, §59H, the anti-SLAPP (Strategic Lawsuits Against Public Participation) statute. While ‘“SLAPP suits have been characterized as generally meritless suits brought by large private interests to deter common citizens from exercising their political and legal rights or to punish them for doing so,”’ the defendant’s activity need not involve “a matter of public concern.” Duracraft Corp. v. Holmes Products Corp., 427 Mass. 156, 161 *205 (1998), quoting from Wilcox v. Superior Court, 27 Cal. App. 4th 809, 816-817 (1994). Pursuant to §59H, a party may bring “a special motion to dismiss” a civil claim which is based on that party’s “exercise of its right of petition under the constitution of the United States or the commonwealth.” The statute defines a party’s “exercise of its right of petition” as including
any written or oral statement made before or submitted to a... judicial body ...; any written or oral statement made in connection with an issue under consideration or review by a ... judicial body ...; [and] any statement reasonably likely to encourage consideration or review of an issue by a... judicial body;...
Zimbovsky’s initial burden under §59H to demonstrate that Rasten’s claims against him were based solely on his petitioning activities, see Margolis v. McCarthy, 2000 Mass. App. Div. 13, was satisfied by Rasten’s own Cambridge complaint which alleged that Zimbovsky’s Brookline affidavit was filed in that court to enforce a restraining order against her. See McLarnon v. Jokisch, 431 Mass. 343, 347 (2000) (affidavits filed with application for abuse protection orders constituted exercise of right of petition under §59H). The burden then shifted to Rasten. The statute provides:
The court shall grant such special motion, unless the party against whom such special motion is made shows that: (1) the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party’s acts caused actual injury to the responding party. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
Rasten was thus obligated to demonstrate not only that Zimbovsky’s Brookline affidavit “was devoid of any reasonable factual support or any arguable basis in law,” but also that the affidavit caused her “actual injury.” Rasten did not file any opposing affidavit, and apparently relied solely on the allegations of her complaint.
The trial court would have been justified in concluding that Rasten did not satisfy her statutory burden. While Zimbovsky’s description in his affidavit of Ras-ten’s alleged ray-gun wielding conduct may certainly be viewed with a very skeptical eye, Rasten produced nothing to support the allegation in her complaint that it was “a fictitious and inconceivable tale.” She did not file an affidavit recounting her own version of her conduct that day at the post office or elsewhere, let alone affidavits from any eyewitnesses or postal or copy center employees. Even if Zimbovsky’s allegations were considered inherently incredible, Rasten also failed to describe her injuries other than in the most conclusory terms (i.e., “significant emotional injuries, significant emotional distress,” and “significant emotional suffering”). No medical documentation was provided; no symptoms were depicted; no impact on her day to day activities was alleged. In short, there was no error in the court’s allowance of Zimbovsky’s motion to dismiss under G.L.c. 231, §59H.[2]
*206 2. Section 59H mandates that “[i]f the court grants such special motion to dismiss, the court shall award the moving party costs and reasonable attorney’s fees.” The judge “has no discretion in deciding whether to award costs and fees. ...” McLarnon v. Jokisch, supra at 350. In two, concluding paragraphs of his motion to dismiss, Zimbovsky made separate requests for sanctions against both Rasten and her attorney, and for attorney’s fees and costs in the specific amount of $750.00. The motion judge awarded the particular sum sought of $750.00, but as “Rule 11 sanctions.” An award of Rule 11 sanctions herein was inappropriate,[3] and we hereby vacate the court’s order for sanctions. The court’s award to Zimbovsky in the amount $750.00 is affirmed as an order for the attorney’s fees and costs mandated by G.L.c. 231, §59H.
3. There is no basis for Zimbovsky’s request to this Division for G.L.c. 231, §6F sanctions. We have repeatedly stated that §6F authority has not been extended to the District Courts under §6E. Brossi v. Fisher, 1999 Mass. App. Div. 99, 104; Marino v. Kandris, 1997 Mass. App. Div. 129, 131. As Dist./Mun. Cts. R. A. D. A., Rule 25, sanctions are appropriate only where the appeal is frivolous, and in the most egregious cases, see Avery v. Steele, 414 Mass. 450, 456 (1993), Zimbovsky’s request for attorney’s fees and double costs pursuant to Rule 25 is denied.
Appellate attorney’s fees in the amount of $500.00 are hereby awarded to Zim-bovsky pursuant to G.L.c. 231, §59H. See McLarnon v. Jokisch, supra at 350. Single costs of the appeal, pursuant to that statute and Dist./Mun. Cts. R. A. D. A., Rule 26, are also awarded in an amount to be calculated by the trial court clerk upon the submission of the appropriate documentation by Zimbovsky.
Accordingly, the court’s award of sanctions is hereby vacated. The court’s judgment of dismissal and award of $750.00 in G.L.c. 231, §59H attorney’s fees and costs is hereby affirmed. Appeal dismissed.
So ordered.

 Rasten’s Cambridge complaint alleges in part: “[Zimbovsky] commenced divorce proceedings against [Rasten’s] aunt in the summer of 1992. Embittered by [Rasten’s] alliance with his ex-wife, [Zimbovsky] concocted allegations and obtained annual restraining orders, beginning in 1994. In July, 1996, [Zimbovsky] filed an affidavit in Brookline District Court to enforce the restraining order. [Zim-bovsky’s] affidavit contained statements which he knew were categorically false and perjurious.”

 As Zimbovsky’s motion to dismiss was properly allowed on the basis of the “anti-SLAPP” statute, it is unnecessary to discuss at length the alternative grounds he advanced for dismissal of this action. We note only that venue was also improper. Pursuant to G.L.c. 223, §2A, Rasten could only have brought this action in the judicial district where she or Zimbovsky lived or had a place of business or in the adjacent judicial district. Both parties live in Brookline. The court could have taken judicial notice that Brookline does not border on Cambridge. See In Re Ulmer, 268 Mass. 373, 391-392 (1929).

 Obviously, every Rule 12(b) dismissal of a complaint does not result in an order for sanctions against the plaintiffs attorney, nor does personal animosity between the parties automatically dictate that their attorneys have acted in bad faith. A judge is authorized by Rule 11(a), in the proper exercise of his or her discretion, Doe v. Nutter, McClennen & Fish, 41 Mass. App. Ct. 137, 142 (1996); Bird v. Bird, 24 Mass. App. Ct. 362, 369 (1987), to impose attorney’s fees and costs as sanctions only where an attorney “has failed to show a subjective good faith belief that the pleading was supported in both fact and law [Citations omitted]. Good faith includes ... an absence of design to defraud or to seek an unconscionable advantage [Citations omitted]. Although this standard is less demanding than the objective standard embodied in the amended Federal Rule ... our rule does not excuse an attorney’s wilful ignorance of facts and law which would have been known had the attorney simply not consciously disregarded them [emphasis supplied].” Van Christo Advertising, Inc. v. M/A-COM/LCS, 426 Mass. 410, 416 (1998). In addition to the pleadings and §59H submissions, Rasten’s attorney submitted an affidavit in opposition to Zimbovsky’s request for sanctions herein. He averred that Rasten was an “intelligible, credible witness” during their several conferences, that he had a good faith belief in the merit of her allegations after making a reasonable investigation of them, and that he did not believe that case and statutory precedent was an absolute bar to the commencement of this suit.