Horgan, J.
On April 12, 1991, Plaintiff-Appellee John H. Nardozzi (the “Plaintiff) filed a complaint against Defendant-Appellant Richard Gleicher (the “Defendant”) . The Plaintiff, a certified public accountant and member of the firm of Gray, Gray & Gray, alleged that the Defendant owed him $36,000.00 for accounting services. The Defendant denied these allegations.
A pre-trial conference on the matter took place on May 22,1997. At that time, the parties filed a Joint Pre-trial Memorandum. The person who presided over the pre-trial conference, who was not a judge, produced a Pre-trial Conference Report
Dining the trial of this matter, at the close of his case-in-chief, the Plaintiff sought to amend his complaint pursuant to Mass. R. Civ. R, Rule 15(b), to add as plaintiffs “all partners of the accounting firm of Gray, Gray & Gray as follows: John H. Nardozzi, Michael Koppel, Neil Krug, Diana Burns, Daniel Romano and C. Joseph Ciccarello, Partners d/b/a Gray Gray & Gray” The motion was filed on June 4, 1998. On June 15, 1998, the court allowed the Plaintiff’s motion. The Defendants motion for 120 days to complete discovery of the additional plaintiffs was denied on the same day
On March 4,1999, the Court ordered entry of judgment for the Plaintiff in the amount of $28,000.00, with interest The Defendant filed a series of postjudgment motions, including a motion for a new trial, all of which were denied. The Defendant filed his notice of appeal on April 22,1999.
For the reasons stated herein, we agree with the trial judge’s allowance of the Plaintiffs motion to amend the complaint and dismiss the Defendants appeal.
Discussion
The Plaintiff’s motion to amend the complaint was made pursuant to Mass. R Civ. E, Rule 15(b), which provides, in relevant part that
... amendment of the pleadings as may he necessary to cause them to conform to the evidence and to raise ... issues [not raised by the pleadings] may be made upon motion of any party at any time, even after judgment ... If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits.
*64 Under Mass. R. Civ. P., Rule 15 (a), which states that leave for a party to amend his pleading “shall be freely given when justice so requires,” the trial judge should exercise his or her discretion by allowing a motion to amend unless there are good reasons for the judge to deny the motion. Hamed v. Fadili, 408 Mass. 100, 105 (1990); Goulet v. Whitin Mach. Works, Inc., 399 Mass. 547, 549 (1987). The factors that the judge should consider in making the decision “include undue delay by the moving party, imminence of trial, and undue prejudice to the opposing party.” Barbosa v. Hopper Feeds, Inc., 404 Mass. 610, 621 (1989). “‘It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment’” Goulet v. Whitin Mach. Works, Inc., supra at 550 n.3, quoting Cornell & Co. v. Occupational Safety & Health Review Comm’n, 573 F.2d 820, 823 (3d Cir. 1978). Prejudice is a factor to be considered with respect to a motion to amend that is brought pursuant to either Mass. R. Civ. R, Rule 15 (a) or 15 (b). Hamed v. Fadili, supra.
The case before us is not one in which the Plaintiff sought to add a new defendant or a new theory of liability completely distinct from the theory set forth in the original complaint See, e.g., United States Leasing Corp. v. City of Chicopee, 402 Mass. 228, 233 (1988) (The judge did not abuse his discretion in denying the plaintiffs motion to amend his complaint where the plaintiff was seeking to add new defendants and new theories of liability); Bateman v. Consolidated Rail Corp., 45 Mass. App. Ct. 916, 917 (1998) (Plaintiffs’ motion to add a new defendant was properly denied where plaintiffs made the motion after settlement with the other defendants and where the motion asserted a theory of liability that was known to the plaintiffs at the time they commenced the action). The Plaintiff’s amendment simply clarified the identities of the real parties in this case, which are the individual partners of the accounting firm of Gray, Gray & Gray. The amendment did nothing to change the action from the one that the Plaintiff “‘originally intended to bring.’” Holmquist v. Starr, 402 Mass. 92, 95 (1988), quoting Bengar v. Clark Equip. Co., 401 Mass. 554, 557 (1988). It did not prejudice the Defendants ability to defend against the claim, which remained an action to recover accounting fees owed by the Defendant
Finally, the Plaintiff has asserted that the Defendants appeal is frivolous and that sanctions should be imposed on the Defendant under Dist/Mun. Cts. RAD. A, Rule 25. Despite the fact that we have rejected the Defendants appellate arguments, we do not consider the appeal “frivolous” or as having been taken “in bad faith” under Dist/Mun. Cts. R. A D. A, Rule 25. Sanctions are appropriate under Dist/Mun. Cts. R. A D. A, Rule 25, only “in the most egregious cases.” Rasten v. Zimbovsky, 2000 Mass. App. Div. 204, 206.
Accordingly, for the reasons stated above, the Defendants appeal is dismissed. The Plaintiffs request for sanctions against the Defendant is denied.