Meagher, J.
This is an appeal filed by BBRG Massachusetts Restaurant, Inc. (the “Defendant”) pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C. The Defendant appeals from a judgment entered in favor of Kyle Olsen (the “Plaintiff’) after a trial in the Roxbury Division of the Boston Municipal Court Department. The Plaintiff sued the Defendant for negligence in Count I of the complaint and breach of warranty in Count II of the complaint.
The action arose out of an incident that occurred on or about January 23,1999 in the Defendants restaurant, Joe’s American Bar and Grill. The Plaintiff testified at trial that he ordered french fries as part of his meal. Upon biting into the third french fry, he felt a powerful and immediate pain in his mouth and heard a loud crunching noise. The Plaintiff swallowed and spit out what remained in his mouth. He then saw part of his tooth and some metal fragments on his plate.
The Plaintiff informed the waitress, who then called the manager of the restaurant. The manager asked the Plaintiff to fill out an accident report. The Plaintiff complied, and both he and the manager signed the report. The manager took possession of the metal item. The Plaintiff asked for it before he left the restaurant, and the manager told him that he had thrown it away.
The Plaintiff went to his own dentist, who diagnosed fractures of two of the Plaintiffs teeth. The dentist then referred the Plaintiff to a specialist for additional treatment.
At the trial, upon completion of the Plaintiff’s case, the Defendants motion for a required finding in its favor was heard and denied. The Court found for the Plaintiff and awarded damages in the amount of $13,248.50.
The Defendant’s principal argument on appeal is that the Plaintiff did not present any evidence at trial on the issue of causation and relied on speculation as to the connection between the Defendants conduct and the Plaintiff’s injuries.
The Plaintiff, however, had testified quite clearly at trial about biting into the french fry, feeling pain and spitting teeth and metal onto his plate. His fiancee at the time, who is now his wife, testified similarly.
In addition, the Plaintiff introduced his dental records from Dr. Mark Lee, who initially diagnosed the fractures in two of the Plaintiff’s teeth. A February, 1999 entry in the Plaintiff’s dental record from Dr. Lee reads as follows: “Pt. cracked tooth on metal that was in a french fry at Joe’s bar & grill.” Dr. Lee’s medical affidavit also states that the charges for the Plaintiff’s treatment were “a result of a foreign substance ingested on 1/23/99.”
The trial judge ruled for the Plaintiff based upon the oral testimony and other evidence offered during the course of the trial, and his findings of fact “are to stand if warranted in law upon any reasonably possible view of the evidence.” Heil v. McCann, 360 Mass. 507, 511 (1971). Our review of the record indicates that the oral testimony and other evidence presented to the trial judge and all rational inferences to be drawn therefrom were sufficient to sustain a finding for the Plain- *24 tiffin this matter. See id.; Matsushita Elec. Corp. v. Sonus Corp., 362 Mass. 246, 250 (1972).
The Defendant filed Requests for Rulings of Law, all of which were allowed by the trial judge. One of his arguments on appeal is based on these rulings. The argument is that the Plaintiff had an obligation to provide notice of his intention to file a claim under G.L.c. 106, §2-607 and failed to do so.
It is not entirely clear that the notice requirement in G.L.c. 106, §2-607(3) (a), which seems to address breach of contract issues in the context of shipping and receiving goods, would apply in the context of a consumer’s purchase of a prepared meal in a restaurant. In any event, in response to Request for Ruling of Law No. 8, the trial judge made a specific finding that “the ‘Guest Accident Report’ (Ex. 1) was sufficiently definite and was immediately given to the store manager. The court further notes that defendant’s Loss Prevention Manager testified that she received the accident report within one week.” The Defendant has not cited any appellate authority, nor are we aware of any, in support of its position that the Plaintiff was required to do something more.
Lastly, the Plaintiff asserts that the Defendant’s appeal of this matter was insubstantial, frivolous and not advanced in good faith within the meaning of G.L.c. 231, §6F. The authority to impose costs for insubstantial, frivolous or bad faith claims under G.L.c. 231, §6F does not extend to the Boston Municipal Court or the District Court. G.L.c. 231, §6E (“court” as used in G.L.c. 231, §6F means “the supreme judicial court, the appeals court, the superior court, the land court, any probate court and any housing court, and any judge or justice thereof’); see Rasten v. Zimbovsky, 2000 Mass. App. Div. 204, 206 (no basis for G.L.c. 231, §6F sanctions in the Appellate Division). As Dist./Mun. Cts. R. A. D. A., Rule 25 sanctions are appropriate only in the most egregious cases, we decline to impose damages or costs on the Defendant under Rule 25 in this matter.
Accordingly, for the reasons stated herein, we affirm the judgment for the Plaintiff and dismiss the Defendant’s appeal. The Plaintiffs request for sanctions and double costs is denied.